# Exhibit 3

**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE NASHVILLE DIVISION**

| | | |
|---|---|---|
| **MICHAEL VANSTORY,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 3:24-cv-00945** |
| | ) | **Judge Trauger** |
| **AMERICAN HEALTH PARTNERS MANAGEMENT, LLC,** | ) | **JURY DEMAND** |
| **Defendant.** | ) | |

**DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT**

Pursuant to Rules 26, and 33 of the Federal Rules of Civil Procedure, Defendant American Health Partners Management, LLC ("Defendant" or "American Health Partners Management") provides the following responses to Plaintiff Michael VanStory's ("Plaintiff" or "VanStory") First Set of Interrogatories.

**GENERAL OBJECTIONS**

1. Defendant objects to any and all interrogatories to the extent they call for disclosure of any information that is subject to any legal privilege or doctrine which prevents or limits their disclosure to third parties, including without limitation, the attorney-client privilege or the work-product doctrine. Information subject to such protections will not be provided. To the extent Defendant has any privileged documents, Defendant will produce a privilege log.

2. Defendant objects to any and all interrogatories, including the definitions therein, to the extent they exceed the scope of permissible discovery or purport to impose any duty or obligation beyond those required by the Federal Rules of Civil Procedure or other applicable law.

3. The answers, and any and all documents provided in response to Plaintiff's discovery requests are made and given without the waiver of any privilege or protection raised in these answers or of any argument or objection that Defendant may have with respect to the competency, authenticity, relevancy, or admissibility of such information at any stage of this or any other legal proceeding, including at trial of this matter.

4. The responses set forth herein are based on Defendant's knowledge and belief as of the date of these responses, and Defendant's investigation into this matter, including the review of relevant documents, is continuing and ongoing. Accordingly, Defendant reserves the right to add, change, supplement, or modify the responses to these requests should additional information be identified at a later date.

5. All responses are made subject to and without waiving the above General Objections.

## INTERROGATORIES

1. State the legal name(s) of the company or companies owned or managed by Defendant who employed Plaintiff during the occurrences in the Complaint and for each company, list the type of entity, the state of organization, the names and titles of officers and directors, the names and titles of managers who were superior to Plaintiff.

**ANSWER: Plaintiff was employed by American Health Partners Management, LLC, which is a Tennessee limited liability company. As of the date of Plaintiff's termination of employment with Defendant, American Health Partners Management, LLC's officers and directors were as follows:**

| | |
|---|---|
| **Tammie Arnold** | **Director, Revenue Cycle Mgmt.** |
| **Jason Bailey** | **SVP, Provider M&A** |
| **Michael Bailey** | **President & CEO** |
| **Jeffrey Bogle** | **Chief Financial Officer** |
| **Robin Bradley** | **Chief Operating Officer** |
| **Bradley Brandt** | **Director, Procurement** |
| **Laura Carrico** | **Chief Compliance Officer** |
| **Charles Canon** | **Regional Div Controller** |
| **Philip Clark** | **General Counsel** |
| **Jonathan Cooper** | **SVP, HR & Corp Admin** |

| | |
|---|---|
| **Amy Freitas** | **Sr. Dir. Compliance and Privacy** |
| **Ralf Habermann** | **Chief Medical Director** |
| **Jason Haney** | **SVP, Operations** |
| **Lisa Hogan** | **VP Operations** |
| **Candice Hooker** | **VP Finance** |
| **Daniel MacDonald** | **VP Marketing** |
| **Marybeth O'Connor** | **VP Corp Development** |
| **Lars Olsson** | **Sr. Dir. Marketing Ops and Strategies** |
| **Barry Shermer** | **Chief Information Officer** |
| **Anita Stephens** | **AVP, Internal Audit** |
| **Henry Watson** | **Chief Development Officer** |
| **Gina Westmen** | **Sr. Dir., HR** |

2. Identify any individual who was involved in the decision, consulted, or played any role in the decision to hire Plaintiff to work for Defendant and anyone involved in the process of interviewing. Describe the hiring process including each interview date, how the interview was conducted, and with whom each interview was conducted.

**ANSWER:** **Robin Bradley, Chief Operating Officer, was the hiring manager for the National Director, Sales and Marketing role. Plaintiff's resume was originally reviewed for the role of Director of Business Development for Rehab America. Constance Chavarria, Defendant's Human Resources Business Partner conducted a candidate screen by telephone for this position on October 20, 2021. Kathryn Wyatt (Senior Director of Rehab America) determined that Plaintiff might be better suited for the role of National Director, Sales and Marketing, so the company shifted its focus to considering Plaintiff for that role. On December 14, 2021, Plaintiff was interviewed via Microsoft Teams and included Kathryn Wyatt, Robin Bradley (Chief Operating Officer) and Mike Bailey (Chief Executive Officer). Plaintiff ultimately received an offer for that position in February, 2022.**

3. Identify each and every employee of Defendant's with supervisory authority over Plaintiff during the course of Plaintiff's employment with Defendant. For each individual identified, state the time period that such individual exercised supervisory authority over Plaintiff, their titles, and with which entity they worked.

**ANSWER:** **During the entirety of Plaintiff's employment with Defendant he reported to Robin Bradley, Chief Operating Officer and, as noted in Plaintiff's offer letter dated February 10, 2022 (AHP_100-101), with Mike Bailey, Chief Executive Officer also providing guidance on the strategic sales vision of the company.**

4. Identify all persons whom Defendant intends to call as witnesses at trial and give a summary of their anticipated testimony. This is a continuing request and Defendant's answer must be updated as discovery progresses.

**ANSWER:** **Defendant objects to this interrogatory on the grounds that it calls for the disclosure of information protected from disclosure by the work-product doctrine by asking for a summary of witnesses' anticipated testimony. Without waiving the foregoing objection, Defendant anticipates calling the following witnesses at this time.**

**(a) Plaintiff, Michael VanStory**

**(b) Robin Bradley**
**Chief Operating Officer**
**American Health Partners**

**May be contacted through counsel for Defendant.**

**(c) Mike Bailey**
**Chief Executive Officer**
**American Health Partners**

**May be contacted through counsel for Defendant.**

**(d) Jonathan Cooper**
**Senior Vice President of Human Resources and Administration**
**American Health Partners**

**May be contacted through counsel for Defendant.**

**(e) Gina Westmen**
**Senior Director, Human Resources**
**American Health Partners**

**May be contacted through counsel for Defendant.**

5. For the past 4 years, identify all persons who have made complaints of discrimination, harassment, or retaliation against Defendant or its employees or officers. Provide the allegations of the complaint in detail and describe any action taken by the Defendant or its employees in response to each complaint. Complaints include verbal complaints, written complaints, lawsuits, agency

filings, and any other means by which employees have complained about employment discrimination/retaliation.

**ANSWER: Defendant objects to this interrogatory as vague and ambiguous as "complaint" is undefined and subject to meanings even with the definition provided within the interrogatory. Additionally, Defendant objects to this interrogatory because it is disproportional to the needs of the case because it seeks information without regard to the relevance to the case. Without waiving the foregoing objections, Defendant is only aware of one other instance of a complaint of discrimination of any form against Defendant, which was a complaint in the form of a demand letter from an attorney representing a former employee, Robine Wolak-Hargreaves, on November 3, 2022. Ms. Wolak-Hargreaves alleged that she was discriminated against based on her affiliation with the Native American community in violation of Title VII of the Civil Rights Act of 1964. Ms. Wolak=Hargreaves's allegations were without merit. The details of Ms. Wolak-Hargreaves's claims are set forth in a confidential settlement communication from her attorney. Ms. Wolak-Hargreaves's complaint resulted in a confidential settlement.**

6. Set forth in detail which allegations in the Complaint of which Defendant was aware prior to the service of the Complaint in the lawsuit. Identify the employees who were aware of such facts, the source of their knowledge, the facts of which each employee was aware, and Defendant's response to such facts, if any.

**ANSWER: During Plaintiff's employment tenure with Defendant, he never alleged "discriminatory harassment, working conditions, and pay practices because of his race" as alleged in his Complaint. (Complaint, ¶¶ 14-15). In fact, Defendant did not become aware of Plaintiff's racial identification as Black until it received a letter from his legal counsel in September, 2023. Additionally, Plaintiff had previously self-identified during his onboarding process with Defendant as White and Defendant never knew him to be, nor did it perceive him to be otherwise. Plaintiff made complaints about Jonathan Cooper in an email to Robin Bradley (COO) on March 31, 2023, but Plaintiff's complaints about "hostile work environment" and fear of "retaliation" were not tied to Plaintiff's race or other protected class under Title VII. (AHP_0013), and, again Defendant never knew him to be nor did it perceive him to be otherwise. Additionally, please see AHP_0001-0012 for additional context surrounding Plaintiff's complaints and Defendant's response. Plaintiff also emailed Mr. Cooper (copying Ms. Bradley) regarding the incident that led to Plaintiff's complaints about Mr. Cooper. In this email Plaintiff complained of discrimination and being "singled out" based on how Defendant handled an issue that arose with respect to a bonus structure that was offered to an employee that Defendant regarded as violating Defendant's Code of Conduct (AHP_307-324) and the federal Anti-Kickback Statute (42 U.S.C. § 1320a-7b(b)). Ultimately, Plaintiff was not formally disciplined, nor did suffer any adverse employment action due to this incident and Mr. Cooper emailed all involved (not just Plaintiff) reminding them of Defendant's Code of Conduct and the Anti-Kickback Statute.**

7. Identify all persons from whom you have received statements (oral or written) relating to the allegations set forth in the Complaint or the Answer.

**<u>ANSWER:</u> Defendant objects to this interrogatory on the grounds that it seeks information protected disclosures by virtue of the work-product doctrine. Without waiving the foregoing objection, Defendant is not in possession of any documents responsive to this interrogatory.**

8. Describe in detail all training, if any, provided to Defendant's employees regarding the prevention of employment discrimination, harassment, and retaliation, including the date and place of each training session.

**<u>ANSWER:</u> Defendant provides extensive training of its workforce on employment discrimination, harassment and retaliation. See Relias Training Transcript reflecting Plaintiff being trained extensively on numerous areas relevant to this request, including but not limited to training on the Employee Handbook (annually), sexual harassment, global orientation, code of conduct, cultural diversity and sensitivity which addresses combatting unconscious bias (AHP_0281-0282). Defendant's Employee Handbook explains in detail how its policies are implemented and enforced (AHP_0190-0197).**

9. State Defendant's policy against discrimination, harassment, and retaliation that was in place during Plaintiff's employment and with what frequency reporting mechanisms are utilized.

**<u>ANSWER:</u> Defendant objects to this interrogatory as being vague and ambiguous regarding the meaning of "with what frequency reporting mechanisms are utilized." Without waiving the foregoing objection, Defendant's Employee Handbook explains in detail its policy prohibiting unlawful discrimination, harassment, and retaliation (AHP_0190-0197).**

10. State whether you, or anyone acting on your behalf, interviewed or discussed with any person, or has obtained and/or solicited statements in any form from any person regarding any of the events or happenings relating to the allegations contained in the Complaint, including Plaintiff's March 31, 2023 e-mail referring to discrimination while employed. If your answer is in the affirmative, identify: (a) each individual interviewed or with whom a discussion took place; (b) each individual from whom a statement was sought or obtained; and (c) each document sent to or received from each individual giving or supplying such statement(s).

**ANSWER:** **The incidents described in Plaintiff's March 31, 2023 and Defendant's response are fully set forth in AHP_0013 and AHP_0001-0006).**

11. Identify each and every individual involved in the decision to terminate Plaintiff from his position and/or the decision to exclude Plaintiff from any new positions available and/or to not extend an offer for Plaintiff in any new position after the sale of Tennessee Quality to Addus HomeHealth Corporation. For each individual identified, please state their name, address, phone number, position at the time of termination, who the individual was employed with at the time of the discussion, and whether the individual is still employed with Defendant. Please identify any documents that you referenced or reviewed to answer this Interrogatory or that you refer to in your answer.

**ANSWER:** **Defendant objects to this interrogatory because it is based on a false premise and misapprehends the circumstances that led to the termination of Plaintiff's employment. Defendant submitted an employee census to Addus HomeCare Corporation ("Addus") (please see AHP_303), which contained Plaintiff's name and title on it along with all other employees. The decision as to who Addus wanted to hir hire after the transaction between American Health Partners and Addus was solely made by Addus. It is Defendant's understanding that all of Addus's sales functions were at the local level rather than on a national level, so there was not a fit for Plaintiff within Addus's organization. As a result of the divestiture of two divisions of the company (Home Health and Hospice) that comprised the majority of Plaintiff's role, Plaintiff's job along with many other jobs at the corporate level went away. There is still nobody in the role that Plaintiff had with Defendant. So, Plaintiff was offered a severance just like others who jobs with Defendant went away as a result of the transaction between American Health Partners and Addus.**

12. Identify all persons answering or supplying information used in answering these Interrogatories. Please identify any documents that you referenced or reviewed to answer this Interrogatory or that you refer to in your answer.

**ANSWER:** **The interrogatories are being answered on behalf of Defendant based on information and documents provided by Gina Westman, Jonathan Cooper and Robin Bradley.**

13. Identify each person whom Plaintiff intends or expects to call as an expert witness in the trial of this case concerning Plaintiff's claims against Defendant. Please identify any documents that you referenced or reviewed to answer this Interrogatory or that you refer to in your answer.

**ANSWER:** **Defendant has not yet made a determination regarding expert witnesses. This**

**response will be supplemented, if warranted, in accordance with the Federal Rules of Civil Procedure, Local Rules of Court and the Initial Case Management Order governing the progression of this matter.**

14. Describe any sale, merger, or acquisition involving Defendant within the past five years, including the date of the transaction, the parties involved, the legal names of the companies and the terms of the transaction.

**ANSWER: Defendant has not been involved in any sale, merger or acquisition within the past five years.**

15. Identify all communications, including emails, letters, or internal memoranda, regarding the sale of the portion of Defendant's business that you allege in resulted in Plaintiff's termination. In your response, state the date of each communication, the individuals involved, and a general description of the subject matter.

**ANSWER: Defendant objects to this interrogatory because it is disproportional to the needs of the case because it seeks information without regard to the relevance to the case. Without waiving the foregoing objection, and with the clarifying comment that Defendant was not sold, Defendant refers Plaintiff to the response to Interrogatory No. 11 and to AHP_303, which is the employee census Defendant provided to Addus. Defendant would also refer Plaintiff to AHP_0265-0279, which contains various internal email communications that may be responsive to this interrogatory.**

16. If another entity has assumed the responsibilities or obligations of the entity identified in Interrogatory No. 1 or No. 16, identify that entity and describe the nature of the assumption of responsibilities or obligations.

**ANSWER: Defendant objects to this interrogatory because it is vague and ambiguous. Defendant is uncertain as to what information this interrogatory seeks. Defendant is willing to meet and confer in an effort to clarify this interrogatory.**

17. Identify all complaints, reports, or grievances made by Plaintiff regarding discrimination, including the date of each complaint, the recipient(s) of the complaint, the nature of the complaint, and any actions taken in response.

**ANSWER: Defendant denies that Plaintiff ever complained about unlawful discrimination**

**based on race during his employment with Defendant as alleged in the Complaint. Without waiving the foregoing objection, please see response to Interrogatory No. 6.**

18. Identify all employees who were transferred or hired at a successor entity or buyer entity following the sale of Defendant, including each employee's name, race, prior position at Defendant's company, and whether they were offered employment options. If any employees were not transferred, state the reason for their exclusion and identify the individuals involved in that decision.

**ANSWER: Defendant would first clarify that Defendant was not sold. With that clarification, please see AHP_0304.**

19. Identify all employees by name, race and position who remain employed at American Health Partners, LLC after the sale of Tennessee Quality to Addus HomeHealth Corporation. Please state their positions held before and after the sale.

**ANSWER: Please see AHP_0305 for a list of employes who remain employed by Defendant after the sale of Tennessee Quality Care to Addus HomeCare Corporation.**

20. Identify all employees by name, race and position who have been hired at American Health Partners, LLC after November of 2023 until present.

**ANSWER: Please see AHP_306 for a list of employees hired by Defendant after November, 2023, which includes each employee's name, hire date, department, job title, current employment status and race/ethnicity.**

## VERIFICATION

STATE OF TENNESSEE

COUNTY OF WILLIAMSON

The undersigned, being first duly sworn, deposes and states that he/she is an authorized representative of American Health Partners Management, LLC and that while he/she may not have personal knowledge of all the facts recited in the foregoing Responses to Plaintiff's First Set of Interrogatories, the information contained in the foregoing responses has been collected and made available to him/her by others, and said responses are true and correct to the best of my knowledge, information, and belief based upon the information made available.

**AMERICAN HEALTH PARTNERS MANAGEMENT, LLC**

By: [signature]

Its: Sr Vice President

SWORN TO and subscribed before me, a Notary Public in and for said county and state, on this the 8th day of May, 2025.

[signature]

Notary Public

My Commission Expires: **My Commission Expires: March 21, 2026**

JULIE L. LONG STATE OF TENNESSEE NOTARY PUBLIC WILLIAMSON COUNTY MY COMMISSION EXPIRES 3-21-2026

Respectfully submitted,

*/s/ James K. Simms, IV*

James K. Simms, IV (#021688)
Morgan J. Hartgrove (#040262)
Thompson Burton, PLLC
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, Tennessee 37067
Phone: (615) 465-6005
jk@thompsonburton.com
morgan@thompsonburton.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served upon the following via e-mail and U.S. Mail, postage prepaid on the 8th day of May, 2025.

Tess M. Heisserer
The Heisserer Firm
611 Commerce St, Ste 2611
Nashville, TN 37203
theisserer@heissererfirm.com

Adam Rodrigues
Adam Rodrigues Law, PLLC
4318 Franklin Rd. Suite B1 Box 209
Murfreesboro, TN 37128
adam@adamrodrigueslaw.com

*Attorneys for Plaintiff*

*/s/ James K. Simms, IV*
James K. Simms, IV